

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00083-CR
_____

MATTHEW HARPER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-17-26234

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Matthew Harper pled guilty to possession of less than one gram of methamphetamine in a drug-free zone and was placed on deferred adjudication community supervision for five years pursuant to a plea-bargain agreement with the State. After the trial court found that he failed to comply with the terms and conditions of his community supervision, the trial court adjudicated Harper's guilt and sentenced him to five years' imprisonment. On appeal, Harper argues that the trial court erred in failing to affix Harper's thumbprint to the judgment, in violation of Articles 42.01 and 38.33 of the Texas Code of Criminal Procedure.[1]

Article 42.01 states, "The judgment shall reflect . . . [t]he defendant's thumbprint taken in accordance with Article 38.33." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(23) (Supp.). Article 38.33 states, "The court shall order that a defendant who is convicted of a felony or a misdemeanor offense that is punishable by confinement in jail have a thumbprint of the defendant's right thumb rolled legibly on the judgment or the docket sheet in the case." TEX. CODE CRIM. PROC. ANN. art. 38.33, § 1. The judgment adjudicating Harper's guilt does not contain his thumbprint in the body of the judgment. As a result, Harper's prayer for relief asks this Court to remand the judgment to allow the trial court to correct the defect.

The State argues that Harper's thumbprint was taken on the day of sentencing before the judgment was signed and is affixed to the judgment as reflected in a supplemental clerk's record. We agree.

---

[1]Even though the judgment contained Harper's State Identification Number, Harper also argued that the judgment did not contain any identifying information other than his name.

2

The judgment, signed on June 15, 2020, shows that Harper was sentenced on June 4, 2020. The supplemental clerk's record contains a "CLERK'S CERTIFICATION FINGER [SIC] PRINT ON FELONY CASE" form showing a rolled right thumbprint taken on June 4. The form was signed by a "Matt Abbott" of the "Classification" Department or Office. While the document does not contain the clerk's signature, it contains language stating "I, Nancy Young, District Clerk in and for Fannin County, Texas[,] do certify the foregoing is the Thumb Print of the Defendant's Right Hand in the above and numbered cause." The cause number on the document matches the cause number on the judgment and appears directly underneath the judgment in the supplemental clerk's record. We recognize that no current authority suggests that substantial compliance with Articles 42.01 and 38.33 is sufficient. Even so, we find that the supplemental clerk's record shows actual compliance because the "CLERK'S CERTIFICATION FINGER [SIC] PRINT ON FELONY CASE" page was affixed to the judgment, as intended when the print was taken. As a result, we overrule Harper's sole point of error.

We affirm the trial court's judgment.


Scott E. Stevens
Justice

Date Submitted:     October 7, 2020
Date Decided:       October 15, 2020

Do Not Publish

3